# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

      v.

RONALD QUINATA BENAVENTE,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM0515-12

**DECISION AND ORDER**
(Motion for Civil Compromise/*De Minimis*)

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion for Civil Compromise/*De Minimis* and Memorandum of Points of Authorities. Defendant Ronald Quinata Benavente ("Defendant") was represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam ("The People") were represented by Assistant Attorney General Sean E. Brown. Having reviewed the memorandum and papers presented, the Court now issues the following decision GRANTING Defendant's Motion to Dismiss for Civil Compromise.

## BACKGROUND

Defendant has been charged with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor) for actions arising out of an alleged altercation between him and his wife, Ligaya Benavente ("Victim"). As with all crimes, Defendant was charged based upon facts presented in a police report submitted to the Attorney General's Office following Defendant's arrest. The Amended Declaration states that Victim claimed she got into an argument with Defendant. Amended Declaration of Assistant Attorney General Lisa D. Hack ("Amended Delcaration") at 1. The argument escalated and Defendant shoved her to the bedroom floor. *Id.* Victim broke free and ran out of the door screaming. *Id.* The officers

performed an injury check on Victim and noted four one-inch scratch marks on her left bicep. *Id.*

On March 21, 2013, Defendant filed Motion for Civil Compromise/*De Minimis* and Memorandum of Points and Authorities ("Motion"). The People filed People's Opposition to Motion to Dismiss Due to Civil Compromise ("Opposition") on April 15, 2013. Defendant filed Reply in Support for Motion for Civil Compromise on April 19, 2013.

## DISCUSSION

### A. Civil Compromise is not Appropriate for Crimes involving Family Violence

Defendant has requested this case be dismissed due to civil compromise, as he and Victim have worked things out. Title 8 GCA § 80.90 provides:

**§ 80.90. Misdemeanors May be Compromised; Procedure.**

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 GCA § 80.90 (2013). Guam law does not explicitly state the above statute is inapplicable to crimes of violence, but civil compromise is typically limited to cases involving monetary restitution for property damage.

The Court looks to California for guidance, as its law served as the basis for Guam's civil compromise statute. California law prohibits the application of civil compromise to cases involving family violence. California's statute states:

When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, **except** when it is committed as follows:

> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> (d) In violation of any court order as described in Section 273.6 or 273.65.
> (e) **By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.**
> (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
> (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).

Guam law, unlike California, does not explicitly prohibit civil compromise in family violence cases. This Court has consistently denied requests for civil compromise in cases involving family violence, where it is alleged that one party is the perpetrator. In *People v. Kinsella*, CM1197-12, the Court declined to use its discretion and permit civil compromise in family violence cases, because these cases do not present "circumstances such that through private settlement the public is fully vindicated." *People v. Kinsella*, CM 1197-12 (May 3, 2013) (quoting *People v. Moulton*, 182 Cal.Rptr. 761, 768 (Cal.Super.1982)).

The Court, however, is not limited by its previous decisions denying civil compromise in family violence cases, as it has granted civil compromise in two situations: situations akin to mutual combat and in situations where there are minor injuries with no allegations of serious misconduct, such as strangulation or prior incidents of abuse. In the present case, Defendant is eligible for civil compromise, as it is alleged he shoved Victim, and this does not rise to the level of serious misconduct.

*People v. Benavente*
Criminal Case No. CM0515-12
Decision and Order

With that said, this Court will apply a three-factor test to determine whether to dismiss this case. When considering whether to dismiss a misdemeanor criminal prosecution under the civil compromise statute, three factors are relevant: (1) whether the civil injury is coextensive with the criminal violation, (2) whether the circumstances, such that through private settlement, the injury to the public is fully vindicated, and (3) whether a victim's settlement agreement is voluntary. *See People v. Moulton*, 131 Cal.App3d Supp. 10, 21-22 (Cal.Super.1982).

In the present case, Defendant was charged with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). First, there are civil remedies for both family violence and assault. *Id.* at 21. Thus, the civil injury is coextensive with the criminal violation. Additionally, the injury or scratch to Victim's arm was not serious or did not appear to require medical assistance. Therefore, the Court believes that through reconciliation and treatment, the injury to the public will be fully vindicated. *Id.* at 22. Finally, Defendant and Victim[1] claim they have worked out their differences, and the Court does not find any information to the contrary indicating reconciliation has not occurred and that the settlement agreement is not voluntary. *Id.*

Lastly, Defendant also argues that the matter should be dismissed on *de minimis* grounds. Even when there are no injuries, the Court holds that 9 GCA § 7.67 is inapplicable to family violence cases.

Based on the above determinations, the Court will grant Defendant's Motion, but only on the condition Defendant agrees to be assessed and complete any recommended treatment by Client Services and Family Counseling ("Client Services").

---

[1] Victim's Declaration in Support of Civil Compromise supports this.

## CONCLUSION

Based on the foregoing, the Court conditionally **GRANTS** Defendant's Motion to Dismiss for Civil Compromise. Defendant is ordered to be assessed by Client Services and to complete any treatment recommended by Client Services. Further proceedings are set for AUG 3 0 2013 @ 9am .

**SO ORDERED**, this 21 day of August, 2013.

_____
**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a true and correct copy of the original on file at the office of the Clerk of the Superior Court of Guam.

Dated at Hagåtña, Guam

AUG 2 1 2013

Gloria J. Mendiola
Deputy Clerk, Superior Court of Guam

Page 5 of 5